Yongmoon Kim
Catherine Rhy
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| M.J., *a minor*, by and through his legal guardian VALBONA LAHU, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>NATIONS RECOVERY CENTER, INC.,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq*. (TELEPHONE CONSUMER PROTECTION ACT) AND DEMAND FOR JURY TRIAL** |

Plaintiff M.J., *a minor*, by and through his legal guardian VALBONA LAHU (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges upon personal knowledge, the investigation of his counsel, and information and belief, as follows:

**NATURE OF ACTION**

1.  Plaintiff brings this action for injunctive relief, statutory damages, and other legal and equitable remedies due to the illegal actions taken by Defendant NATIONS RECOVERY CENTER, INC. ("Defendant") in contacting Plaintiff and other Class Members on their cellular telephones without these individuals' prior express consent, within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. and the Federal Communication Commission ("FCC") Rules promulgated thereunder, 47 C.F.R. § 64.1200 ("TCPA"). Defendant has violated the TCPA by contacting Plaintiff and Class Members on their cellular telephones via an "automatic

telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without these individuals' prior express consent, within the meaning of the TCPA.

## JURISDICTION AND VENUE

1. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. This Court accordingly has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Furthermore, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

2. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has personal jurisdiction over Defendant, as Defendant is a business registered in the State of New Jersey as a 'Foreign For-Profit Corporation', and its conduct at issue occurred in, or was directed towards, individuals in the state of New Jersey. Defendant has established the minimum contact that shows that it has purposefully availed itself of the resources and protection of the State of New Jersey.

4. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), as Defendant is deemed to be a resident in any judicial district in which it is subject to personal jurisdiction at the time an action is commenced, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

5. Venue in the Newark Vicinage is proper, as Plaintiff's permanent residence is located in the Town of Newton in the State of New Jersey.

## PARTIES

6. Plaintiff M.J., as well as his legal guardian VALBONA LAHU, are, and at all times mentioned herein were, individual citizens of the State of New Jersey.

7. Defendant NATIONS RECOVERY CENTER, INC. is a 'Domestic Profit Corporation' registered in and with its principal place of business in the State of Georgia, also registered as a 'Foreign For-Profit Corporation' in the State of New Jersey.

**TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA"), 47 U.S.C. § 227**

8. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints as to certain telephone contact practices.

9. TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." The plain language of Section 227(b)(1)(A)(iii) specifically prohibits the use of autodialers to make any call to a wireless telephone number in the absence of emergency or without the prior express consent of the called party.[2]

10. According to findings made by the FCC, the agency that the United States Congress vested with authority to issue regulations implementing the TCPA, such telephone calls are prohibited because Congress found that automated and prerecorded calls pose a greater nuisance and invasion of privacy than live solicitation calls, and the calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls regardless of whether they pay in advance or after the minutes are spent.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 ("TCPA"). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to wireless telephone numbers made by creditors (or on behalf of creditors) are permitted only if such calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

12. The FCC emphasized in the same Declaratory Ruling that creditors and their third-party debt collectors are liable pursuant to the TCPA for debt collection calls made on creditors' behalf. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules."[6]).

## FACTUAL ALLEGATIONS

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff is a minor under the age of eighteen (18) years at the time of this filing. VALBONA LAHU is the minor M.J.'s legal guardian, and is thus authorized to bring legal claims on M.J's behalf.

15. On or around the end of August 2015, the minor M.J. was given a cellular telephone for his customary use. VALBONA LAHU is the owner of the family mobile plan account.

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] 2008 FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).
[6] *Id*.

16. On September 22, 2015, Plaintiff received a telephone call on his cellular telephone from telephone number 770-325-3869. On September 28, 2015, Plaintiff received a telephone call on his cellular telephone from telephone number 866-363-2498.

17. Upon information and belief, a pre-recorded voicemail message was left on Plaintiff's cellular telephone number on September 28, 2015, identifying the call's origin as "Nations Recovery Center . . . a debt collector," but did not provide any additional information as to the nature or purpose of the telephone call.

18. Plaintiff, being a minor, does not have any connection to, or knowledge of, anyone at Nations Recovery Center. As such, he did not, and could not, provide consent to call Plaintiff's cellular telephone.

19. Upon information and belief, as a large debt collector and based on the nature of the calls received by Plaintiff, Defendant utilizes an automated telephone dialing system(s) in the course of its collection activities.

20. Defendant is, and at all times mentioned herein was, a "person" as defined pursuant to 47 U.S.C. § 153(39).

21. All telephone contact made by Defendant to Plaintiff at the latter's cellular telephone number occurred via "ATDS" as defined pursuant to 47 U.S.C. § 227(a)(1) and/or via "artificial or prerecorded voice" as described under 47 U.S.C. § 227(b)(1)(A).

22. The telephone number at which Plaintiff was contacted on Defendant's behalf via "ATDS" and/or via "artificial or prerecorded voice" was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

23. Plaintiff did not provide his "prior express consent" to allow Defendant, nor the creditor on whose behalf Defendant took action, to place calls to Plaintiff's cellular telephone

number via use of "ATDS" or "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A).

24. Moreover, Defendant's calls placed to Plaintiff's cellular telephone number were not made "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

25. Defendant's calls to Plaintiff's cellular telephone number via "ATDS" or "artificial or prerecorded voice," made for non-emergency purposes and in the absence of Plaintiff's "prior express consent," violated 47 U.S.C. § 227(b)(1)(A).

26. Pursuant to the TCPA and the FCC's January, 2008 Declaratory Ruling, it is Defendant's burden to demonstrate that Plaintiff provided Defendant with "prior express consent" within the meaning of the Statute.[7]

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all other persons similarly situated (hereinafter referred to as the "Class").

28. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the State of New Jersey who, at any time on or after September 21, 2015, received one (1) or more non-emergency telephone call(s) from Nations Recovery Center, Inc., to cellular telephone numbers via use of automatic telephone dialing system(s) and/or artificial or prerecorded voice, but had not provided prior express consent to receive such calls.

The above-defined persons will be collectively referred to as "Class Members." Plaintiff represents, and is a Member of, the Class. Excluded from the Class are Defendant and any and all entities in which Defendant possesses a controlling interest; Defendant's agents and employees;

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

any Judge to whom this action is assigned; any member of such Judge's staff or immediate family; and claims for personal injury, wrongful death, and/or emotional distress.

29. Plaintiff is unaware of the exact number of the Class Members, but reasonably believes that Class Members number, at a minimum, is in the thousands.

30. Plaintiff and all Class Members have been harmed by Defendant's acts because their privacy has been violated; they were subject to annoying and harassing telephone calls that constitute a nuisance; and they were charged for Defendant's incoming telephone calls.

31. The subject Class Action Complaint seeks injunctive relief and money damages.

32. Joinder of all Class Members is impracticable due to both the large Class size and relatively modest value of each individual claim. The claims' disposition as a Class Action suit will provide substantial benefit to the parties and to the Court, avoiding multiplicity of identical suits. The Class can easily be identified by way of records maintained by Defendant and/or by the creditors on whose behalf Defendant placed the subject telephone calls.

33. There are well-defined and nearly identical questions of law and fact that affect all parties. The questions of law and fact as to the Class' claims predominate over questions that may affect individual Class Members. Such common questions of law and fact include, but are not limited to, the following:

    a. Whether non-emergency telephone calls made to Plaintiff and Class Members' cellular telephones utilized an ATDS and/or artificial or prerecorded voice;

    b. Whether Defendant placed such telephone calls;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant can meet its burden of showing that it obtained "prior express consent" (*i.e.*, clearly and unmistakably stated consent) to make such calls;

  e.  Whether Defendant is liable for damages, as well as the amount of such damages; and

  f.  Whether Defendant should be enjoined from engaging in the above-mentioned conduct in the future.

34. As a person who received telephone calls via an ATDS and/or artificial or prerecorded voice without his "prior express consent" within the meaning of the TCPA and FCC Rules, Plaintiff asserts claims that are typical of each and all Class Members. Plaintiff has no interest that is antagonistic to the interest of any other Class Member, and he will fairly and adequately represent and protect the Class' interests.

35. Plaintiff has retained counsel experienced in handling Class Action claims that involve federal and state consumer protection statute violations, including claims made pursuant to the TCPA.

36. A Class Action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential for compelling Defendant to comply with the TCPA. Each Class Member's interest in individually controlling the prosecution of a separate claim against Defendant is minute because an individual action's statutory damages for TCPA violation is small. Management of these claims is likely to be significantly less difficult than management of many other Class claims, as all of the telephone calls at issue are automated and the Class Members did not provide the statutorily required "prior express consent" to authorize the calls placed to their cellular telephone numbers.

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate the overall Class' final injunctive relief and corresponding declaratory relief. Plaintiff additionally alleges, upon information and belief, that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.***

38. Plaintiff incorporates the foregoing paragraphs of this Complaint by reference, as if fully stated herein.

39. Defendant's foregoing acts and omissions constitute multiple knowing and/or willful violations of the TCPA; including, but not limited to, each and all of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40. Due to Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each Class Member are entitled, pursuant to 47 U.S.C. § 227(b)(3), to treble damages of up to $1,500.00 for each and every telephone call that constitutes a statutory violation.

41. Plaintiff and all Class Members are also entitled to, and do seek, injunctive relief to prohibit Defendant from engaging in future conduct that will violate the TCPA.

42. Plaintiff and Class Members are also entitled to award of attorneys' fees and costs.

### SECOND COUNT

**STATUTORY VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq.***

43. Plaintiff incorporates the foregoing paragraphs of this Complaint by reference, as if fully stated herein.

44. Defendant's foregoing acts and omissions constitute multiple violations of the TCPA; including, but not limited to, each and all of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

45. Due to Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each Class Member are entitled, pursuant to 47 U.S.C. § 227(b)(3)(B), to an award of $500.00 in statutory damages for each and every telephone call that constitutes a statutory violation.

46. Plaintiff and all Class Members are also entitled to, and do seek, injunctive relief to prohibit Defendant from engaging in future conduct that will violate the TCPA.

47. Plaintiff and Class Members are also entitled to award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief to Plaintiff and to all Class Members, as against Defendant:

A. Injunctive relief prohibiting Defendant's future violations of the TCPA;

B. Statutorily granted treble damages of up to $1,500.00 to Plaintiff as well as to each and all Class Members, for each and every telephone call that violated the TCPA due to Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1).

C. Statutory damages of $500.00 to Plaintiff as well as to each and all Class Members, for each and every telephone call that violated the TCPA due to Defendant's violations of 47 U.S.C. § 227(b)(1).

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An Order certifying this action as a proper Class Action pursuant to Federal Rule of Civil Procedure 23, establishing a Class as the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyer(s) and law firm(s) that represent Plaintiff as the Class' counsel; and

F. Such other relief as the Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues subject to trial by jury.

## **CERTIFICATION**

Pursuant to <u>Local Civil Rule</u> 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any action pending in any court or the subject of a pending arbitration proceeding.

Dated: September 23, 2019                     KIM LAW FIRM LLC

<u>s/Yongmoon Kim</u>
Yongmoon Kim
*Attorneys for Plaintiff*
